612 P.2d 1314

**STATE of New Mexico, Petitioner,**

v.

**Lee Autry MOORE, Respondent.**

**No. 13025.**

Supreme Court of New Mexico.

June 26, 1980.

Jeff Bingaman, Atty. Gen., John G. McKenzie, Asst. Atty. Gen., Santa Fe, for petitioner.

Martha A. Daly, App. Defender, Michael Dickman, Asst. App. Defender, Santa Fe, for respondent.

OPINION

PAYNE, Justice.

The defendant, Lee Autry Moore, was convicted of aggravated burglary, two counts of criminal sexual penetration in the second degree, larceny of less than one hundred dollars and false imprisonment. The Court of Appeals reversed on the basis of possible prejudice from the admission into evidence of improper testimony. We reverse only as to the disposition of the case and sustain the conviction of the trial court.

The following questions are raised on certiorari: (1) is the testimony of a rape victim concerning her mental state following the rape admissible, and (2) was the admission of that testimony prejudicial or harmless error.

We will not disturb the Court of Appeals' decision that the victim's testimony, as to the effects of the rape on her, was improperly admitted by the trial court. The defendant's objection was properly based on N.M.R.Evid. 403, N.M.S.A.1978, and should have been sustained. There was little, if any, probative value to the challenged evidence and it might have had possible prejudicial effect. *See State v. Hogervorst*, 90 N.M. 580, 566 P.2d 828 (Ct.App.1977), *cert. denied*, 90 N.M. 636, 567 P.2d 485 (1977). However, we hold that under the facts of this case the improper admission of that testimony was harmless error.

For an error by the trial court to be considered as harmless, there must be: (1) substantial evidence to support the conviction without reference to the improperly admitted evidence, (2) such a disproportionate volume of permissible evidence that, in comparison, the amount of improper evidence will appear so miniscule that it could not have contributed to the conviction, and (3) no substantial conflicting evidence to discredit the State's testimony. *State v. Day*, 91 N.M. 570, 577 P.2d 878 (Ct.App. 1978), *cert. denied*, 91 N.M. 491, 576 P.2d 297 (1978); *State v. Self*, 88 N.M. 37, 536 P.2d 1093 (Ct.App.1975).

It is difficult to conceive of a more thorough, complete, and convincing array of testimony than was presented in this case. Here, the victim was confronted, bound, gagged and sexually abused by a man she identified as the defendant. She was in

close physical contact with this man for over one hour in her well-lit home. In connection with her previous bank employment she had received special training in suspect remembrance and identification. She immediately gave the police an "extremely accurate description of the defendant, including the defendant's approximate age, hair, hair length, race, body shape, and the clothes he was wearing." This description was so detailed that it included the location of a birthmark on the defendant's chest and the color of the defendant's undershorts. Armed with this description the police were able to identify and arrest the defendant later the same day.

The victim positively identified the defendant as the man who raped her at a police show-up outside her home on the day of the alleged rape, even though she felt the police would try and trick her. She subsequently repeated this positive identification of the defendant two other times. Several parts of the victim's testimony were corroborated by the testimony of the responding and arresting police officers. To further corroborate her testimony, a calculator stolen from the victim's home was found on the defendant when he was arrested.

The foregoing evidence is sufficient to support the verdict without reference to the improperly admitted testimony. No substantial conflicting evidence was presented. The record demonstrates an overwhelming volume of permissible incriminating evidence in comparison with the small amount of impermissible and potentially prejudicial evidence. The victim was on the witness stand for approximately three hours testifying and being cross-examined in great detail to the events leading up to the rape, the rape itself and its aftermath. The improperly admitted evidence consisted of testimony which lasted less than two minutes. We recognize that a trial can be prejudiced by testimony lasting but a fraction of a second, but here that was not the case. The disparity in time only demonstrates the overwhelming volume of the permissible testimony. The permissible evidence was so strong that it is inconceivable that the small amount of impermissible testimony would have affected the jury's verdict.

As stated by Judge Hernandez in his dissenting opinion in the Court of Appeals, quoting from *Lutwak v. United States*, 344 U.S. 604, 619, 73 S.Ct. 481, 490, 97 L.Ed. 593 (1953), "[a] defendant is entitled to a fair trial but not a perfect one." Here the defendant did receive a fair trial. The evidence against him was convincing and overwhelming.

We reverse.

IT IS SO ORDERED.

EASLEY, FEDERICI and FELTER, JJ., concur.

SOSA, C. J., dissenting.

SOSA Chief Justice, dissenting.

I respectfully dissent.

The evidence which was admitted at trial, over objection, concerned the effects the rape has had on the victim's life. It was clearly not probative of the guilt or innocence of the defendant. Defendant's objection was based on N.M.R.Evid. 403, N.M.S. A.1978:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence.

The prejudice inherent in the evidence substantially outweighed any probative value, and the evidence should not have been admitted.

Though evidence of guilt was great in this case, I believe that prosecutors should nonetheless conform to legal standards in obtaining convictions. There is no need, especially in a case with overwhelming evidence of guilt, to resort to tactics which unfairly prejudice a jury. Convictions should not be obtained at any cost, but should be obtained in accordance with the rules of evidence.

I would give the defendant a new trial, excluding irrelevant and prejudicial evidence.