804 P.2d 408

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Laura RENEAU, Defendant–Appellant.**

**No. 11967.**

Court of Appeals of New Mexico.

Nov. 6, 1990.

**218**

Hal Stratton, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Hugh W. Dangler, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

CHAVEZ, Judge.

Defendant appeals convictions and sentences for voluntary manslaughter and felon in possession of a firearm. She raises four issues on appeal: 1) whether she was entitled to a self-defense instruction that encompassed all the evidence of a long-standing abusive pattern toward her by the victim; 2) whether the trial court erred in admitting evidence of a prior act of violence by defendant against a person not the victim; 3) whether defendant was subjected to double jeopardy from the state's use of her prior felonies to prove both felon in possession and habitual offender status; and 4) whether defendant was denied effective assistance of counsel because of counsel's failure to call an expert regarding the battered woman syndrome. The motion to amend the docketing statement to include issue 3 is granted. We reverse and remand for a new trial because of the admission of evidence of defendant's prior acts of violence. We address the use of defendant's prior felonies to prove both felon in possession and habitual offender status only as guidance to the trial court in the event defendant is convicted on remand. In view of our reversal, we find it unnecessary to address issue four concerning ineffective assistance of counsel.

Defendant was the estranged wife of the victim, Lowell Smith. She testified to a twelve-year relationship with Lowell that included many acts of violence directed toward her by him. She testified that she often left him, but always returned. On the day of the shooting, she had been living with her mother for several months. That day she went to pick up her car from the repair shop and found the tires slashed. Lowell drove by and yelled at her and threatened her with physical violence. Lowell came to defendant's mother's house three times that day and each time was abusive, threatening both defendant and her mother. The third time he threatened to cut up defendant as he had her car tires. When defendant pointed the gun at Lowell, he laughed and reminded her what had happened the last time she had shot him. He had severely beaten her with a lead pipe. Defendant then fired the gun. Lowell died as a result of the gunshot.

## SELF-DEFENSE INSTRUCTION

█ Because of our reversal, we address this issue only as guidance to the trial court. Defendant argues that the trial court erred in refusing to include, in the self-defense instruction to the jury, evidence of the long-standing abusive relationship between her and the victim. She argues that since the jurors must view the defendant's actions from the standpoint of what she saw and knew at the time, *State v. Gallegos*, 104 N.M. 247, 719 P.2d 1268 (Ct.App.1986), the jury should have been instructed with the evidence that served as the basis for her fear of immediate danger.

█ Jury instructions should be viewed as a whole. The instructions to the jury should be in as few words as possible. Certain elements are not to be singled out for extensive commentary. Argument and explanation are left to counsel. *See State v. Torres*, 99 N.M. 345, 347, 657 P.2d 1194, 1196 (Ct.App.1983). Here, the jury had evidence and argument of counsel regarding the prior history of the relationship between defendant and the victim. The jury was instructed that the killing was in self-defense if there was an appearance of immediate danger of death or great bodily harm to defendant as a result of Lowell Smith's threatening gestures and verbal threats toward defendant immediately preceding the killing. *See* SCRA 1986, 14–5171. The jury instruction was adequate to inform the jury to evaluate the reasonableness of the defendant's actions from her point of view. *State v. Vigil*, 110 N.M. 254, 794 P.2d 728 (1990).

## EVIDENCE OF PRIOR ACT OF VIOLENCE

█ During the trial, the state was permitted to question defendant regarding

her stabbing of a person not the victim. When defense counsel objected, the court ruled that in a self-defense case the jury must choose the aggressor and, therefore, since the character of the defendant had been put at issue, specific instances of conduct to show that character could be admitted. SCRA 1986, 11–404(A) states that evidence of a person's character is not admissible for the purpose of proving that that person acted in conformity therewith, except where offered by the accused. If evidence of a pertinent trait of his/her character is offered by the accused, the state may rebut by specific instances of conduct. Here defendant presented no evidence of peacefulness which would have opened her character to rebuttal by the prosecution. *Cf. State v. Ross*, 88 N.M. 1, 536 P.2d 265 (Ct.App.1975) (state may not rebut an accused's character with collateral matters when the accused offered no such character evidence).

■ Where character is an element of the crime or defense, Rule 404 does not apply and evidence of specific conduct may be admitted to prove the character. *State v. Bazan*, 90 N.M. 209, 561 P.2d 482 (Ct. App.1977) (applying SCRA 1986, 11–402). The state argues that because the victim's character is an element of self-defense, so too should the character of defendant be an element of self-defense. We do not agree that the character of the defendant should be or is an element of self-defense. The inquiry in a self-defense claim focuses on the reasonableness of defendant's belief as to the apparent necessity for the force used to repel an attack. *State v. Gallegos*. The jury is to consider whether the defendant reasonably believed that she was in imminent danger of death or great bodily harm in light of all the facts and circumstances known to her. While this inquiry may conceivably involve some minor consideration of defendant's character, her character is not itself an essential element of a self-defense claim. *See State v. Kelly*, 102 Wash.2d 188, 685 P.2d 564 (1984).

The fact that defendant may have stabbed another man does not establish that she did not fear the victim. *See State*

*v. Morgan*, 315 N.C. 626, 340 S.E.2d 84 (1986). "It would be too attenuated an argument to say evidence of a defendant's reputation for violence indicates a tendency not to fear another person." *Johns v. United States*, 434 A.2d 463, 470 n. 11 (D.C.App.1981). Therefore, defendant's character, whether peaceful or violent, has nothing to do with whether she feared defendant and acted reasonably in accordance with that fear. It was error for the trial court to permit evidence of specific instances of violence in connection with defendant's character.

The state also argues that the evidence was admissible to impeach defendant's credibility regarding prior felonies she had committed. Again, defendant admitted the felony convictions. Therefore, there was nothing to rebut.

## USE OF PRIOR FELONIES

■ Since we are reversing and remanding on issue No. 2, we address this issue only as guidance to the trial court in the event defendant is convicted upon remand. Defendant argues that she was subjected to double jeopardy because the state used her prior felonies to prove both her felon in possession of a firearm charge and her habitual offender status. We agree. Under *State v. Haddenham*, 110 N.M. 149, 793 P.2d 279 (Ct.App.1990), it is impermissible to sentence defendant as an habitual offender when the same facts were relied upon to convict defendant of the offense of felon in possession of a firearm. Here, the jury was instructed on the felon in possession of a firearm charge using three prior felony convictions. The instruction indicated that the jury had to find all three. The jury convicted defendant, therefore necessarily finding all three felony convictions. The court could not then use the same convictions to find defendant to be an habitual offender. Only one burglary conviction was available for use in the habitual proceeding. Therefore, the trial court erred in finding defendant to be an habitual offender with two prior felony convictions.

We reverse and remand for a new trial because of the improper admission of spe-

cific conduct to prove defendant's character.

IT IS SO ORDERED.

ALARID and APODACA, JJ., concur.