840 P.2d 1255

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Craig R. LUCERO, Defendant–Appellant.**

**No. 12884.**

Court of Appeals of New Mexico.

Sept. 29, 1992.

Certiorari Denied Nov. 4, 1992.

Tom Udall, Atty. Gen., Max Shepherd, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Sammy J. Quintana, Chief Public Defender, Sheila Lewis, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

BLACK, Judge.

Defendant appeals his convictions for attempted criminal sexual penetration of a minor, criminal sexual penetration of a minor, criminal sexual contact of a minor, and kidnapping.

In *State v. Lucero*, 109 N.M. 298, 784 P.2d 1041 (Ct.App.1989), this court reversed Defendant's conviction on the ground that he was improperly prohibited from presenting evidence concerning the motive of the mother of the child victim to lie. After conviction on retrial, Defendant raises eight evidence issues in this appeal: (1) erroneous admission of evidence of Defendant's character; (2) improper expert opinion regarding the child's credibility; (3) improper impeachment with evidence of prior misconduct; (4) admission of hearsay not falling within any exception; (5) inadmissibility of hearsay statements under the medical diagnosis exception to the hearsay rule; (6) erroneous admission of statements to rebut a claim of recent fabrication; (7) solicitation of comments from Defendant on the veracity of other witnesses; and (8) improper impeachment of Defendant with evidence of a sentence imposed in connection with a prior conviction. We reverse on the improper admission of evidence of Defendant's character.

## FACTS

The child, who was twelve years old at the time of trial, testified that the following events occurred five years earlier when she was in the first grade: Defendant, a close friend of the child's mother, invited the child to come to his mother's house to play with his niece. When the child arrived the niece was not present. Defendant asked the child if she wanted to try his waterbed. The child agreed and went to the room where the waterbed was located. Defendant asked the child to take off her clothes. Defendant took off some of the child's clothes as well as his own clothes. The child testified that Defendant tried to put his penis into her vagina, inserted his fin-ger into her vagina, and put his penis into her mouth.

A school teacher, two therapists, and a police officer testified as to the events that the child related to them. These accounts are basically consistent with the child's testimony although there was some variation in the amount of detail.

The defense theory was that the child's mother was concerned she might lose custody of the child to her ex-husband because of the incident and that she convinced the child to blame Defendant instead of someone else. Defendant also introduced evidence that a boyfriend of the child's mother was observed standing in the child's bedroom at the foot of her bed during the mother's birthday party.

## PROCEDURAL CONTEXT

During the direct examination of Defendant's former girlfriend, Diane, Defendant successfully objected to the admission of evidence that Diane and Defendant had disagreements about her willingness to have anal and oral sex with Defendant on certain occasions. The State argued that Diane's testimony on the rejection of oral and anal sex was "extremely important to prove motive, intent and lack of mistake." The trial court rejected this argument.

In rejecting this evidence, the trial court stated that it did not think the evidence was a "proper direct presentation," but stated that the prosecution could "preserve the right to recall if necessary." During the cross-examination of Defendant, the prosecutor asked Defendant to agree that he and Diane had argued over her reluctance to engage in these sex practices. Defendant answered that this was untrue. Defense counsel objected to the question and asked that the answer be stricken. The State did not advance any of the specific exceptions enumerated in SCRA 1986, 11–404(B) (Rule 404(B)), but rather informed the district court it would rely upon "the inference that says this particular activity was denied him by his age appropriate girlfriend, that [sic] something he

sought with an individual that had no choice as to the matter." The trial court ruled "that the nature of the acts testified to by Diane are not inflammatory in nature in today's society. And I don't think that that testimony is prejudicial to the extent that it outweighs probative value." Diane was allowed to testify on rebuttal that she and Defendant had several disagreements about oral and anal sex. Diane also testified she had engaged in oral sex with Defendant and that, in spite of their "arguments," she became engaged to Defendant.

## THE CONTENTIONS OF THE PARTIES

On appeal, Defendant contends that the trial court erred in admitting Diane's rebuttal testimony. Defendant has argued that the evidence was inadmissible evidence of character or habit under Rule 404 and that the evidence was not admissible for any of the purposes identified in Rule 404(B) as exceptions to the general rule excluding propensity evidence. The State has argued that the evidence was admissible under Rule 404(B) and, further, that admission of the evidence was harmless error.

## THIS EVIDENCE WAS INADMISSIBLE

■ The heart of the issue on appeal is the proper application of Rule 404(B). Rule 404(B) is designed to prohibit admission of character traits to prove that a defendant acted in accordance with those traits. *State v. Reneau,* 111 N.M. 217, 804 P.2d 408 (Ct.App.1990). Indeed, the basic rationale for excluding character evidence is that it is not probative of the fact that the defendant acted consistently with his past conduct in committing the acts at issue. *State v. Bazan,* 90 N.M. 209, 561 P.2d 482 (Ct.App.), *cert. quashed,* 90 N.M. 254, 561 P.2d 1347 (1977). Testimony which amounts to evidence of a defendant's bad character or disposition to commit the crime charged is clearly inadmissible. *State v. Alberts,* 80 N.M. 472, 457 P.2d 991 (Ct.App.1969).

■ Rule 404(B) is a specialized rule of relevancy which requires counsel to identify the consequential fact to which the proffered evidence of other acts is directed. *State v. Aguayo,* 114 N.M. 124, 835 P.2d 840 (Ct.App.), *cert. denied,* 113 N.M. 744, 832 P.2d 1223 (1992); *see also United States v. Hogue,* 827 F.2d 660, 662–63 (10th Cir.1987); 2 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Evidence* ¶ 404[08], at 404–58 (1991). The basis of relevancy must be affirmatively demonstrated by the proponent of the evidence. *See United States v. Zimmerman,* 943 F.2d 1204, 1212 (10th Cir.1991); *cf. State v. Herrera,* 92 N.M. 7, 582 P.2d 384 (Ct.App.), *cert. denied,* 91 N.M. 751, 580 P.2d 972 (1978) (there must be a showing of a reasonable basis for believing that a victim's past sexual conduct is pertinent to the consent issue). Finally, after the proponent has provided the trial court with an adequate basis, the court must be satisfied that the probative value of the evidence is not "substantially outweighed" by other considerations. *See* SCRA 1986, 11–403; *State v. Beachum,* 96 N.M. 566, 568–69, 632 P.2d 1204, 1206–07 (Ct.App.1981); *Herrera,* 92 N.M. at 16, 582 P.2d at 393.

The State offered this testimony to prove that since Defendant enjoyed oral sex and was sometimes denied it by his girlfriend, he coerced the child victim into various sexual activities, including oral sex. The dispositive issue is whether anything about Defendant's request for oral sex with his girlfriend is relevant, apart from a character trait, to a charge that he forced a first grader to engage in various sex acts, including oral sex. Some courts have argued that in the area of sexual conduct, any evidence of a defendant's sexual desires or practices may be relevant to prove a "licentious" or "lewd" disposition. *See* cases cited in 1 John W. Strong, *McCormick on Evidence* § 190, at 803–04 (4th ed. 1992); *cf. State v. Friedrich,* 135 Wis.2d 1, 398 N.W.2d 763 (1987) (greater latitude of proof is allowed in the admission of other acts evidence on sex crime charges). Legal scholars have criticized this trend and have, we believe correctly, pointed out that the "lewd disposition" exception is nothing more than a euphemism for the character

evidence which Federal Rule of Evidence 404(b) and its state counterparts are designed to exclude. Richard O. Lempert & Stephen A. Saltzburg, *A Modern Approach to Evidence* 230 (2d ed. 1982); Brian E. Lam, Note, *The Admissibility of Prior Bad Acts in Sexual Assault Cases Under Alaska Rule of Evidence 404(b)—An Emerging Double Standard*, 5 Alaska L.Rev. 193, 206 (1988); Haydn Winston, Casenote, *Evidence—The Impotence of Wyoming Rule of Evidence 404 in Sex Crime Trials: Brown v. State, 736 P.2d 1110 (Wyo.1987)*, 23 Land & Water L.Rev. 267, 274 (1988); *cf.* 22 Charles A. Wright & Kenneth W. Graham, *Federal Practice and Procedure* § 5239, at 462 (1978) ("The need for the evidence has led some courts to rely on debatable assumptions about recidivism and problematic psychiatric theories as support for the proposition that propensity evidence is more reliable in the case of sex offenders."). Some courts have likewise criticized the "lewd disposition" exception and expressly refused to adopt it. *See, e.g., State v. Courter*, 793 S.W.2d 386 (Mo.Ct.App.1990).

We believe *State v. Mason*, 79 N.M. 663, 448 P.2d 175 (Ct.App.), *cert. denied*, 79 N.M. 688, 448 P.2d 489 (1968), decided prior to the adoption of the New Mexico Rules of Evidence, reveals a similar, critical attitude toward the admission of evidence of past sexual conduct. In that case, the state had offered the testimony from other adolescent girls upon whom the defendant had allegedly committed sexual offenses to show a broad plan, scheme, and design to lure young girls into his house and then to induce them to engage in sexual activities. This court rejected the offer, on the ground that:

> "[S]uch evidence should not be received when very probably its sole result, or at least its overwhelming result, will be that of establishing defendant's bad character, or his disposition or propensity to commit crime, as the basis for an inference that he committed the crime with which he is charged and for which he is being tried."

*Id.* at 667, 448 P.2d at 179.

■ Since the adoption of the Rules of Evidence in 1973, New Mexico courts have continued to recognize that proof of sexual conduct involving the same victim may be admitted, *see, e.g., State v. Scott*, 113 N.M. 525, 828 P.2d 958 (Ct.App.1991), *cert. quashed*, 113 N.M. 524, 828 P.2d 957 (1992), but have not extended this exception to allow proof of other prior sexual conduct unless it meets the criteria for an exception within the concepts recognized under Rule 404(B). In this case, the State has failed to demonstrate any purpose for the rebuttal testimony other than its value as propensity evidence. Under *Mason*, the evidence is inadmissible. We therefore reject the State's assertion that occasional rejection of Defendant's request for oral sex by his girlfriend is admissible to prove he sexually assaulted the seven-year-old daughter of a friend. *See State v. Christensen*, 414 N.W.2d 843 (Iowa Ct.App.1987); *People v. Engelman*, 434 Mich. 204, 453 N.W.2d 656 (1990).

Nor are we impressed by the State's tactic of setting up a credibility test to attempt, in this case successfully, to have evidence of such conduct admitted on rebuttal. *See State v. Strobel*, 51 Ohio App.3d 31, 554 N.E.2d 916 (1988). We note that Defendant's credibility was an important factor in the defense. *Cf. United States v. Pisari*, 636 F.2d 855 (1st Cir.1981) (government should have been limited to the negative answer defendant gave on cross-examination under Rule 11–608(B)). *See generally* William E. Aiken, Jr., Annotation, *Propriety in Federal Court Action, of Attack on Witness' Credibility by Rebuttal Evidence Pertaining to Cross–Examination Testimony on Collateral Matters*, 60 A.L.R. Fed. 8 (1982). But the rebuttal testimony permitted the State to introduce a collateral, irrelevant, and potentially prejudicial issue into the case.

■ Is there something unique about sexual assault on a child which would require a special, unrecognized exception under Rule 404(B)? The problem of the admissibility of prior conduct of a similar nature appears to arise more frequently in cases of child sexual abuse for two rea-

sons: 1) the need to bolster the victim's credibility; and 2) the belief that sex crimes alone are more likely to follow a pattern based on the unique psychological profile of a likely perpetrator. Chris Hutton, *Commentary: Prior Bad Acts Evidence in Cases of Sexual Contact with a Child*, 34 S.D.L.Rev. 604 (1989). Professor Hutton concludes:

> [C]hild sexual abuse cases seem not to fit neatly into the exceptions created in Rule 404(b). Courts have responded by manipulating the categories in the rule to accommodate prior bad acts evidence. The result has been a doctrinal misfit, as testimony has been characterized in a way not reasonably included within the rule to insure its admissibility. [Footnote omitted.]

*Id.* at 616–17. While we recognize the potential difficulty in prosecuting such cases, then, we do not believe the appropriate solution is to wink at the dictates of Rule 404(B).

 ▐  If the admission of this evidence was but harmless error, however, reversal is not appropriate. *State v. Wright*, 84 N.M. 3, 498 P.2d 695 (Ct.App.1972). Since we are provided no reasonable basis to conclude that the testimony of Defendant's girlfriend is relevant to an identified and legitimate purpose, we must conclude the evidence was more prejudicial than probative and that the trial court erred in admitting it. *See* Rule 11–403. The next question, however, is whether the evidence affected the result. *See State v. Moore*, 94 N.M. 503, 612 P.2d 1314 (1980) (test for harmless error). Here, although the evidence was offered in rebuttal, we cannot be certain it did not affect the result. *See id.* While the trial court held that Defendant's requests of his girlfriend were, "in today's society ... not aberrant," clearly some jurors may view such conduct as beyond the pale. *Cf.* NMSA 1978, § 20–12–57 (Repl.Pamp.1989) (prohibiting any "unnatural carnal copulation" under the New Mexico Military Code).

The United States Court of Appeals for the Tenth Circuit has advanced the proposition that, once evidence of prior misconduct is introduced, a guilty verdict is a foregone conclusion. *United States v. Burkhart*, 458 F.2d 201, 204 (10th Cir.1972); *see also United States v. Shavers*, 615 F.2d 266 (5th Cir.1980). Many legal commentators appear to agree. Edward J. Imwinkelried, *The Need to Amend Federal Rule of Evidence 404(b): The Threat to the Future of the Federal Rules of Evidence*, 30 Vill. L.Rev. 1465, 1470 (1985) ("Evidence of uncharged misconduct can effectively strip the defendant of the presumption of innocence and predispose the jury to convict."); Calvin W. Sharpe, *Two–Step Balancing and the Admissibility of Other Crimes Evidence: A Sliding Scale of Proof*, 59 Notre Dame L.Rev. 556, 560 (1984). This problem appears to be exacerbated in particularly deplorable crimes such as sexual assault of a child. Hutton, *supra*, at 625–26 ("Prior bad acts evidence is so powerful that it is outcome-determinative in most cases of sexual contact with a child.").

 ▐  While we might not be willing to conclude such evidence is outcome-determinative in all cases, we find no basis for the State to tender such evidence except to persuade the jury that Defendant was a "bad person," a purpose prohibited under Rule 404. Without a defined basis, it is prejudicial error to admit evidence of prior uncharged conduct. *State v. Ross*, 88 N.M. 1, 536 P.2d 265 (Ct.App.1975); *State v. Garcia*, 83 N.M. 51, 487 P.2d 1356 (Ct.App. 1971). In a case which involves a particularly reprehensible crime against a child, and in which the key issue is the identity of the perpetrator, admission of such evidence is especially damaging. *State v. Aguayo*. Where the other evidence in such a case is marginal, the admission of prior misconduct makes a new trial appropriate. *State v. Saavedra*, 103 N.M. 282, 705 P.2d 1133 (1985); *State v. Mason*, 79 N.M. at 668, 448 P.2d at 180.

 ▐  This case is different from many of the others cited, because the conduct in question is not criminal and, as the trial

court judge observed, not generally considered misconduct. Nevertheless, it seems likely that some significant percentage of jurors would find such conduct sufficiently offensive so as to create probable prejudice to require a new trial. *See State v. Gutierrez,* 78 N.M. 529, 433 P.2d 508 (Ct.App. 1967). In addition, because of the State's use of the rebuttal testimony to attack credibility, we are unwilling to say its admission was harmless error. *See State v. Moore.*

CONCLUSION

Because we hold that the admission of the evidence of Defendant's disagreements with his girlfriend was, in the absence of any showing that it was relevant to proving any element of the crime charged, prejudicial error, we reverse and remand for a new trial.

IT IS SO ORDERED.

MINZNER and APODACA, JJ., concur.