860 P.2d 202

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Gary MONTOYA, Defendant–Appellant.**

**No. 13837.**

Court of Appeals of New Mexico.

July 7, 1993.

Certiorari Denied Aug. 25, 1993.

Tom Udall, Atty. Gen., Gail MacQuesten, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Sammy J. Quintana, Chief Public Defender, Susan Gibbs, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

*OPINION*

MINZNER, Chief Judge.

Defendant appeals his conviction of two counts of first degree criminal sexual penetration contrary to NMSA 1978, Section 30–9–11(A)(1) (Cum.Supp.1991). He argues on appeal that (1) the trial court erred in admitting testimony of Defendant's prior conduct; (2) the trial court committed fundamental error in admitting testimony regarding rape trauma syndrome; (3) the trial court committed fundamental error in admitting testimony regarding the victim's truthfulness; (4) there was insufficient evidence to support his conviction; and (5) he was denied a fair trial by an instruction given to the jury by the trial court and by the prosecutor's misconduct. We reverse and remand for a new trial.

## I. ADMISSIBILITY OF EVIDENCE OF DEFENDANT'S PRIOR CONDUCT

Defendant had been convicted of a prior sexual offense that occurred in August 1982. The victim of the prior offense, Trisha, was nine years old at the time of the incident. Trisha was spending the night with Defendant's daughter, Katrina, who was three years old at the time, and sleeping in Katrina's bed when Defendant woke her and molested her. Although Katrina was sleeping in the same bed as Trisha, she did not wake up during the incident. Trisha testified that Defendant stopped touching her when she threatened to call Defendant's wife, who was sleeping in a nearby room.

Defendant filed a motion in limine to prevent the admission of evidence of this prior offense, arguing that such evidence was not admissible under SCRA 1986, 11–404(B). The State argued that the evidence was admissible to prove a common scheme or plan. The trial judge reserved judgment but explained that the evidence might be admissible under SCRA 11–404(B) and might survive the balancing test of SCRA 1986, 11–403. He then warned the State to consider carefully whether it really needed the evidence to prove its case. The judge explained that because the evidence was so prejudicial, if an appellate court ruled that the evidence was not admissible under SCRA 11–404(B), the appellate court would not find that the admission of the evidence was harmless.

Defendant's case in chief included testimony by Katrina and another girl, Kathleen, who occasionally spent the night with Katrina and Angela, the alleged victim of the instant offense. Both Katrina and Kathleen testified that they were unaware of anything "bad" happening to Angela while she spent the night with Katrina. Katrina testified that she was a light sleeper, and had Angela been molested in a bed in which she was sleeping or had Angela kicked her to try to wake her, she would have woken up.

After the defense case closed, the State asked the trial court to admit testimony of the prior incident as rebuttal. The State argued that Defendant put into issue what may have happened while other girls stayed at Defendant's house, and Kathleen's testimony gave the jury the false impression that nothing bad ever happened to other girls while they stayed at Defendant's house. Defense counsel replied that his questions to Katrina and Kathleen were specifically limited to what happened *to Angela*. The trial judge agreed with the State that the testimony gave the jury the impression that nothing bad ever happened. The judge explained that he was inclined to admit the evidence except that it was not close enough in time to justify admission under SCRA 11–403. After argument of counsel, however, the judge admitted the evidence under SCRA 11–404(B). The trial court explained that the probative value of the evidence had been heightened by the testimony offered by the defense. Trisha was allowed to testify; however, the judge prohibited the jury from learning that the prior offense resulted in a conviction. The court then instructed the jury that it could consider the evidence as proof of Defendant's opportunity or preparation of a plan.

### A. Evidence of Plan

█ The question for review is whether the trial court abused its discretion in admitting evidence of Defendant's prior conduct, which occurred seven years before the incident in the present case, as evidence of Defendant's preparation of a plan or scheme. Defendant cites *State v. Mason*, 79 N.M. 663, 448 P.2d 175 (Ct.App.), *cert. denied*, 79 N.M. 688, 448 P.2d 489 (1968), as an example of a case in which this Court excluded evidence of a defendant's sexual abuse of girls other than the alleged victim.

In *Mason*, the State introduced evidence of the defendant's prior sexual contact with minors who had baby-sat for the defendant to show a plan or common scheme. This Court conceded that the evidence had some probative force regarding a plan, scheme, or mode of operation (the State argued that the defendant's plan was to hire baby-sitters and then sexually abuse them), but at the same time explained that the evidence was particularly persuasive as to the defen-

dant's bad character. *Id.* at 667, 448 P.2d at 179. In such a case, the evidence would be admissible "if it is relevant to, and its probative force is sufficiently great upon, some material element of the crime charged which is in issue and upon which there is doubt." *Id.* This rule would be different if the defendant had first put his character in issue, the defendant had first contended that he had only innocent encounters with both the present victim and the previous victim, or the prior offenses were so close in time as to constitute a part of the res gestae. *Id.* at 668, 448 P.2d at 180. *Mason* therefore requires that before evidence of remote previous sexual encounters with a minor can be admitted to show a plan or scheme, the evidence must also be probative of some other element that is in issue or to rebut a claim put directly in issue by the defendant.

The State argued below that Defendant's plan is shown by the similarities in the events (both occurred while the victim was sleeping at Defendant's house in Defendant's daughter's bed and Defendant was wearing nothing but a robe) and the similarities in the victims (each was nine years old when she was molested). The State argues on appeal that, as required by *Mason*, the evidence in this case is not only probative of a plan, but is also probative of another issue in this case: it is admissible to show opportunity. [AB at 7]

Usually evidence of other crimes to show a plan does not involve an inference of character; rather, it shows a "conscious commitment to a course of conduct of which the charged crime is only a part." 22 Charles A. Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5244, at 500 (1978). Thus, the other crime is admitted to show a larger goal and not to show propensity. *Id.* This is particularly true when there is other evidence of the plan or when the existence of the plan is the obvious inference from the other crime. *Id.*

■ The State presented no evidence that Defendant had a long-range plan to molest girls who visited his daughter. Defendant was neither charged with conspira-

cy nor did the State allege that Defendant induced his victim(s) in a similar way. *See id.* At most, the State argues that Defendant took advantage of similar situations in a similar manner. Not only was the existence of a long-range plan not at issue, but the fact that the two crimes were "planned" in the same way is not enough to show that such a plan existed. There must be some overall scheme of which each of the crimes is but a part. *Id.* § 5244, at 509 (Supp.1993). "To say that the defendant had a 'plan' to seduce every [girl who slept over at his house] he could may not do violence to the language but it does undermine the policy of Rule 404(b) by permitting the use of propensity to prove conduct." *Id.* (discussing with displeasure *State v. Bennett,* 36 Wash.App. 176, 672 P.2d 772 (1983)); *see also State v. Lamure,* 115 N.M. 61, 68, 846 P.2d 1070, 1077 (Ct. App.1992) (Hartz, J., specially concurring), *cert. denied,* 114 N.M. 720, 845 P.2d 814 (1993). The State's reliance on two factually similar incidents that occurred seven years apart, without more, is not enough to prove the existence of a plan. We therefore conclude that without some other proof that such a plan actually existed, evidence that the charged conduct is part of a bigger plan because Defendant did the same thing once before is nothing more than irrelevant propensity evidence.

Our recent cases discussing SCRA 11–404(B) are in accord. For example in *Lamure,* this Court affirmed the admission of evidence of the defendant's prior molestation of another victim because we concluded that the evidence proved a plan. 115 N.M. at 66, 846 P.2d at 1075. The critical issue in that case was whether the defendant used his position of authority to coerce his victim. The defendant admitted at trial that he had molested the victim, but contended that the victim consented. Evidence that the defendant had used his position of authority to coerce previous victims was therefore directly relevant because of the unique defense strategy presented in that case.

Additionally, in *State v. Landers,* 115 N.M. 514, 853 P.2d 1270 (Ct.App.1992),

*cert. quashed,* 115 N.M. 535, 854 P.2d 362 (1993), and *State v. Lucero,* 114 N.M. 489, 840 P.2d 1255 (Ct.App.), *cert. denied,* 114 N.M. 413, 839 P.2d 623 (1992), this Court discussed the applicability of the "lewd and lascivious disposition" exception to SCRA 11–404(B). Those cases limited the use of that specific exception to cases in which the prior act and the currently charged offense were both committed against the same person. In the present case, it is undisputed that the prior incident did not involve the victim of the instant offense. Thus, we do not consider whether the evidence presented by the State is admissible under that exception.

### B. Evidence of Opportunity

■ We assume without deciding that proof that Defendant had once before molested a child in the same bed where Katrina was sleeping, without waking Katrina, could be admissible to prove Defendant's opportunity to commit a similar act again. *See generally* 22 Wright & Graham, *supra,* § 5241 (many courts consider opportunity to be synonymous with ability). In this case, however, because of the prior act's remoteness and the lack of proof that Katrina's sleeping patterns were similar when she was three years old and when she was ten years old, we hold that evidence of the prior act was not sufficiently probative of Defendant's opportunity to commit this offense.

### C. Admissibility as Rebuttal Evidence

■ The trial judge admitted the evidence because its probative value was increased by Kathleen's testimony that at the time of the incident she knew of nothing "bad" that happened to Angela while she and Angela stayed over at Defendant's house. The State argued, and the judge agreed, that the jury was given the impression that nothing "bad" ever happened to anyone who ever visited Defendant's house. (Defense counsel argued that he had limited the questioning to incidents involving Angela.) In effect, the judge believed that Defendant opened the door to the rebuttal evidence.

The State offered the evidence of Defendant's prior act to impeach Kathleen and/or Katrina. The evidence offered by the State could have rebutted the testimony to the extent that (1) it generally attacked either witness's credibility, (2) it specifically rebutted Katrina's testimony about her sleeping patterns, or (3) it specifically rebutted the witnesses' beliefs that led to the inference that Defendant had not molested anyone in the past. In any case, the evidence presented a specific instance of Katrina's conduct (her failure to wake up during an episode in which her father molested someone in the same bed with her) that was used to attack a witness's credibility or the basis of her opinion regarding a collateral matter. "Specific instances of conduct of a witness, for the purpose of attacking or supporting his [or her] credibility ... may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness...." SCRA 1986, 11–608(B). The proper method of impeachment would have been to ask either witness on cross-examination whether she was aware that someone (Trisha) had been molested by Defendant while Katrina was in bed with her. *See id.* Thus, the rebuttal testimony was inadmissible extrinsic evidence because it was offered to impeach a witness on a collateral matter.

### D. Prejudice

■ The trial judge warned the State to consider carefully whether it really needed the evidence of Defendant's prior sexual assault to prove its case. The judge explained that an appellate court would not find that the admission of the evidence was harmless because of its highly prejudicial nature.

Evidence that a defendant committed a prior illegal sex act against a child is extremely prejudicial. *Lucero,* 114 N.M. at 494, 840 P.2d at 1260. Because of the prejudicial nature of the evidence, we hold that Defendant is entitled to a new trial. *See id.* at 494–95, 840 P.2d at 1260–61.

# 76

## II. SUFFICIENCY OF EVIDENCE

Although we reverse on the above evidentiary issue, we still consider Defendant's sufficiency of evidence claim. *See, e.g., State v. Castillo*, 110 N.M. 54, 58, 791 P.2d 808, 812 (Ct.App.), *cert. denied*, 110 N.M. 44, 791 P.2d 798 (1990). Defendant contends that the State presented insufficient evidence of when the alleged crimes were committed to support a conviction. Defendant was charged with committing two separate acts of criminal sexual penetration "on, about or between the 6th day of August, 1988 and the 6th day of November, 1989." [R.P. 1] Angela testified that the abuse had occurred for about a year before she gave her statement to police in November 1989. She also testified that the abuse occurred in the early mornings after Defendant's wife would leave for work. Defendant's wife testified that she did not begin working in the early morning until March 1989. Although there is some discrepancy between Angela's and Defendant's wife's testimony, the evidence is sufficient to allow the jury to infer that the two counts of abuse occurred between the dates in the indictment.

## III. CONCLUSION

We reverse the trial court's admission of evidence of Defendant's prior act of molestation. We also hold that there was sufficient evidence at trial to support Defendant's conviction. We therefore remand for a new trial. Because of the disposition of the issues discussed above, we need not reach the merits of Defendant's other claims of error.

IT IS SO ORDERED.

CHAVEZ and PICKARD, JJ., concur.