This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                               **NO. 31,344**

**CATHERINE ALLING,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Gary K. King, Attorney General
Yvonne M. Chicoine, Assistant Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

Defendant Catherine Alling appeals from her conviction for misdemeanor aggravated battery following a bench trial. She contends the district court erred in sustaining the State's objection to a question regarding her criminal history (or presumed lack thereof) as evidence of her character for peacefulness and as a law-abiding citizen under Rule 11-404(A)(1) NMRA. We affirm, concluding that any error was harmless because there is no reasonable probability that the excluded evidence would have affected the verdict.

**BACKGROUND**

In July 2010, Defendant moved in with her sister, Carol Alling, who resided in Albuquerque, New Mexico. Carol testified at trial that "[i]t did not work out well at all[,]" and "[t]here was a lot of . . . arguing, bickering, and misunderstandings between us[.]" The first physical altercation occurred on October 26, 2010. On that day, Defendant entered Carol's bedroom and "yell[ed] at [her] about where [she] had placed the mail." After taking a shower, Carol entered Defendant's bedroom without knocking, and the two began to argue. Defendant then stood up and held a gun to Carol's face. Defendant told Carol to get out of her room. Carol backed out of Defendant's room. Defendant then attacked Carol with a can of Febreze and an object that Carol believed to be a metal vase. The two engaged in a physical struggle with Defendant attempting to push Carol down the stairs. The struggle ended when Defendant went back to her room and closed the door. At that point, Carol called her

boyfriend, who called 911. The 911 dispatcher called Carol and instructed her to leave the house and meet the police at a nearby roadblock, which she did. The police arrived at Carol's house, and Defendant refused to leave. A SWAT team was eventually successful in removing Defendant from the house.

Defendant was indicted on two counts: (1) aggravated assault with a deadly weapon (firearm enhancement) and (2) aggravated battery. A bench trial was held on May 2, 2011. Two witnesses testified at trial: Carol and Defendant. While they testified to different versions of the events, Defendant admitted to pushing Carol out of her room and hitting Carol's hand with a can of Febreze. At the beginning of Defendant's testimony, the following exchange took place:

| [Defense]: | Have you ever been accused of a crime, other than a speeding ticket, in your life? |
| [Prosecutor]: | Object to relevance, and also there is no foundation whatsoever. |
| [Court]: | What is the relevance of this? |
| [Defense]: | She is presenting evidence of character for both peacefulness and honesty. |
| [Prosecutor]: | Actually— |
| [Court]: | I'm going to sustain the objection. Let's move on. |

Defense counsel proceeded to question Defendant about her employment history and then asked Defendant if she "had any prior violent interactions with Carol."

3

Defendant answered, "No." The district court admitted into evidence two photographs of Carol taken at the police station on October 26, 2010, which showed the injuries she sustained. In its closing, the State argued that Carol's outward manifestation of fear might have differed from what one would expect because Defendant was her sister and had "no history of violence."

The district court found Defendant guilty of aggravated battery and not guilty of aggravated assault with a deadly weapon. The district court explained:

> Based on [D]efendant's testimony about using an object that she beat her sister's hands with to get her to turn loose of the door, and the marks that were on the hand, I do find that there is sufficient evidence to convict of the aggravated battery charged in Count 2.

Defendant was sentenced to 364 days imprisonment. The district court suspended the sentence and ordered Defendant to be placed on supervised probation.

**DISCUSSION**

On appeal, Defendant contends the district court erred in sustaining the State's objection to a question on direct examination about her alleged lack of criminal history. She argues she was wrongfully excluded from presenting evidence regarding her "character for peacefulness and as a law-abiding citizen," which should have been admitted as character evidence under Rule 11-404(A).

As an initial matter, the State contends that Defendant did not preserve this issue for appeal. We disagree. "In order to preserve an error for appeal, it is essential

4

that the ground or grounds of the objection or motion be made with sufficient specificity to alert the mind of the trial court to the claimed error or errors, and that a ruling thereon then be invoked." *State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (internal quotation marks and citation omitted). If a party claims error arising out of the district court's exclusion of evidence, the party must have informed the court of the substance of the excluded evidence "by an offer of proof, unless the substance was apparent from the context." Rule 11-103(A)(2) NMRA.

Defense counsel asked Defendant whether she had "ever been accused of a crime, other than a speeding ticket[.]" The State objected based on relevance and lack of foundation. The district court asked defense counsel about relevance, and counsel stated, "She is presenting evidence of character for both peacefulness and honesty." The district court sustained the objection. On appeal, Defendant contends the excluded evidence is relevant to her "character for peacefulness and as a law-abiding citizen." She did not explicitly argue in the district court that the evidence was relevant to her character as a law-abiding citizen. However, we believe that the character trait of "peacefulness" is sufficiently similar to the character trait of "law-abiding" to consider this argument preserved. Moreover, though Defendant did not make an offer of proof, we think it is apparent from the context that Defendant would have testified that she had not previously been accused of a crime.

Assuming, without deciding, that the district court erred in sustaining the State's objection, we conclude any error was harmless and does not require reversal. Because the alleged error in this case involved an evidentiary ruling and does not implicate a constitutional issue, we employ the non-constitutional harmless error analysis. *See State v. Barr*, 2009-NMSC-024, ¶ 53, 146 N.M. 301, 210 P.3d 198 ("[W]here a defendant has established a violation of statutory law or court rules, non-constitutional error review is appropriate."), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110; *see, e.g.*, *State v. Wilson*, 2011-NMSC-001, ¶¶ 30, 39, 149 N.M. 273, 248 P.3d 315 (applying non-constitutional harmless error analysis after assuming the district court improperly admitted opinion testimony in violation of Rule 11-702 NMRA), *overruled on other grounds by Tollardo*, 2012-NMSC-008. "[A] non-constitutional error is harmless when there is no reasonable *probability* the error affected the verdict." *Barr*, 2009-NMSC-024, ¶ 53.

In *Tollardo*, our Supreme Court repudiated the longstanding three-part harmless error test first announced in *State v. Moore*, 94 N.M. 503, 504, 612 P.2d 1314, 1315 (1980). *Tollardo*, 2012-NMSC-008, ¶¶ 29, 38. The *Tollardo* Court held that "determining whether an error was harmless requires reviewing the error itself and its role in the trial proceedings, and in light of those facts, making an educated inference about how that error was received by the jury." *Id.* ¶ 57. Evidence of a defendant's guilt cannot be the "singular focus" of the analysis, but "may often be relevant, even

6

necessary, for a court to consider, since it will provide context for understanding how the error arose and what role it may have played in the trial proceedings[.]" *Id.* ¶ 43.

Under a *Tollardo* analysis, we are confident the district court would have reached the same result here, finding Defendant guilty of aggravated battery, even if Defendant had been allowed to testify regarding her criminal history. The district court found Defendant guilty "[b]ased on [her] testimony about using an object that she beat her sister's hands with to get her to turn loose of the door, and the marks that were on [Carol's] hand[.]" The district court properly admitted into evidence two photographs showing the injuries the victim sustained. In addition, shortly after it sustained the State's objection, the district court heard Defendant testify that she had no prior violent interactions with her sister. The significance of Defendant's testimony and the demonstrative evidence would not have been diminished if Defendant had been allowed to testify that she had not previously been accused of a crime. Moreover, the State in effect stipulated to Defendant's lack of criminal history when, in closing, it described Defendant as having "no history of violence." On these facts, it is clear the district court would have found Defendant guilty of aggravated battery even if Defendant had been allowed to testify regarding her lack of criminal history. Accordingly, assuming, without deciding, that the district court erred in prohibiting Defendant from testifying on direct examination regarding her lack of criminal history, we conclude any error was harmless.

**CONCLUSION**

We affirm Defendant's conviction for aggravated battery.

**IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**TIMOTHY L. GARCIA, Judge**

8