784 P.2d 1037

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Ronnie LARA, Defendant–Appellant.**

**No. 11123.**

Court of Appeals of New Mexico.

Nov. 14, 1989.

Certiorari Denied Dec. 21, 1989.

Hal Stratton, Atty. Gen., Katherine Zinn, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Sheila Lewis, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

OPINION

BIVINS, Chief Judge.

Defendant appeals two convictions of aggravated assault with a deadly weapon. Defendant raises five issues on appeal, the first and last pursuant to a motion to amend his docketing statement: 1) whether evidence of defendant's failure to appear at a mandatory pretrial conference may be introduced; 2) whether evidence of defendant's misdemeanor shoplifting plea may be introduced to prove identity; 3) whether defendant's self-defense instruction should have been given; 4) whether evidence regarding a prosecution witness's conviction for allowing himself to be served alcohol as a minor should have been admitted for impeachment purposes; and 5) whether the jury instruction for aggravated assault with a deadly weapon was improper. We deny the motion to amend the docketing statement to include a new issue and to reframe another issue, and affirm defendant's convictions.

*Facts*

Defendant, suspected of shoplifting, was followed out of the store into the parking lot by two store employees. The two testified that they intended to grab the man and take him back inside. When they surrounded him, defendant pulled out an object and began swinging his arm. Seeing a shiny object and believing it to be a knife, the two backed off; defendant fled.

*Motion to Amend the Docketing Statement—Evidence of Failure to Appear and Instruction on Aggravated Assault*

Defendant has moved to amend his docketing statement to add one issue and to "reframe" another issue. We deny the motions because we perceive both motions to involve adding totally new issues that are so without merit as not to be viable. *See State v. Rael,* 100 N.M. 193, 668 P.2d 309 (Ct.App.1983).

■ Defendant first seeks to amend to add an issue alleging error in the court's admission of "other crimes" evidence. No such issue concerning "other crimes" was raised in the trial court. The state sought to admit evidence of defendant's failure to appear for an earlier setting. In response to a motion in limine, the court would not allow police officers to testify and would not allow evidence that failure to appear is a separate crime. The court's ruling allowed the prosecutor to testify to defendant's flight from prosecution as evidence of consciousness of guilt. Its admission in this regard was proper. *See State v. Rodriguez,* 23 N.M. 156, 167 P. 426 (1917); *State v. Vallejos,* 98 N.M. 798, 653 P.2d 174 (Ct.App.1982). Most of defendant's brief is devoted to a discussion of the prejudicial effect of the introduction of evidence of other distinct crimes. SCRA 1986, 11–404(B) does not, however, require exclusion of the evidence admitted. The evidence was admissible for a purpose other than to prove defendant's character "in order to show that he acted in conformity therewith." Contrary to the assertion in defendant's brief, the specific purposes listed in Rule 11–404(B) are not the exclusive purposes for which other-crime evidence is admissible. If defendant believed the testimony given went beyond the court's ruling allowing evidence of flight to show consciousness of guilt, he should have objected or asked for a limiting instruction. *See State v. Sandoval,* 88 N.M. 267, 539 P.2d 1029 (Ct.App.1975).

The issue briefed was not raised below and does not allege error that can be raised for the first time on appeal. It is therefore so totally without merit as not to be viable, and a docketing statement amendment should not be allowed. *State v. Rael.* Moreover, the issue appears to have been omitted from the docketing statement because trial counsel was well aware that the evidence of flight was admissible, and trial counsel did not preserve what is being argued for the first time on appeal. *See State v. Moore,* 109 N.M. 119, 782 P.2d 91 (Ct.App.1989).

■ Defendant next seeks to add an issue under the guise of "reframing" an old issue. The issue sought to be reframed was raised in the docketing statement as whether the instruction for aggravated as-

sault improperly expanded the charge in the information. *See State v. Trivitt,* 89 N.M. 162, 548 P.2d 442 (1976). This issue is not briefed and is therefore abandoned. *State v. Fish,* 102 N.M. 775, 701 P.2d 374 (Ct.App.1985). The issue briefed is whether instructing in the alternative, when the use note to the uniform jury instructions indicates that one or another alternative phrase should be used, and whether omitting the word "deadly" from one part of the instruction, constitute reversible error. Instructions in the alternative are permitted. *See State v. Utter,* 92 N.M. 83, 582 P.2d 1296 (Ct.App.1978); *State v. Ortiz,* 90 N.M. 319, 563 P.2d 113 (Ct.App.1977). The word "deadly" appeared in other portions of the instruction, and therefore the instructions, when read as a whole, substantially followed the statute and were sufficient. *See State v. Doe,* 100 N.M. 481, 672 P.2d 654 (1983). Therefore, this issue too is so totally without merit as not to be viable, and a docketing statement amendment to raise it should not be allowed.

*Self–Defense Instruction*

■ Defendant argues that the trial court erred in refusing to give the jury his self-defense instruction. A defendant is entitled to an instruction on his theory of the case if there is evidence to support it. *State v. Armijo,* 90 N.M. 614, 566 P.2d 1152 (Ct.App.1977). In order for defendant to be entitled to a self-defense instruction, there must be evidence that defendant was put in fear by an apparent danger of immediate bodily harm, that his assault resulted from that fear, and that defendant acted as a reasonable person would act under those circumstances. *See SCRA 1986, 14–5181; State v. Branchal,* 101 N.M. 498, 500, 684 P.2d 1163, 1165 (Ct.App.1984).

■ Defendant did not testify. To summarize the evidence: Witness Gonzales testified that he was working as a checker at Farmers' Market when he noticed defendant walking around the store picking up packages of cigarettes and putting them in a paper sack. When Gonzales asked defendant what he was doing, defendant responded that he was getting cigarettes and was going to cash a check to pay for them. Gonzales saw defendant go to another checkstand but then run out of the door with the paper sack. The checker at that stand said that defendant had not paid for the items. Gonzales and another employee, Nunez, then chased after defendant. They caught up with defendant as he was trying to get into a car from which. he was apparently locked out. They approached defendant to try to apprehend him and take him back into the store until police could take custody; but defendant flashed something shiny and the two men jumped back. Defendant then ran away. Gonzales also showed the jury a videotape which had recorded defendant's actions in the store. Nunez testified that he was stocking shelves when he observed Gonzales approach defendant and ask him what he was doing. He heard defendant tell Gonzales that he was going to cash a check. He saw defendant run outside with a bag of cigarettes. He heard the checker tell defendant to come back because he had not paid for the cigarettes. Nunez then joined Gonzales in running after defendant. He saw defendant pull something shiny, which appeared to be a weapon, and backed away. He then saw defendant run off. Witness Buckner, the assistant manager of the store, heard a checker holler that someone had run out the door with ten cartons of cigarettes. He went after the individual, but Gonzales and Nunez were already out of the door before he began his pursuit. He saw the man waving a knife at the two employees and told the employees to go back to the store.

Use Note 1 to UJI Crim. 14–5181 states that the self-defense instruction may be used "in nonhomicide cases when the self-defense theory is based upon * * * reasonable grounds to believe a design exists to commit an unlawful act." From the evidence at trial, one could infer that defendant reasonably believed that Gonzales and Nunez were intending to seize him; such a seizure would ordinarily be unlawful. In this case, however, the two store employees had a lawful right to seize defendant; and the evidence was overwhelming that no reasonable person in defendant's position

could have doubted that the purpose of Gonzales and Nunez was to seize defendant for shoplifting. No reasonable juror could have viewed the evidence otherwise. Thus, the evidence did not justify the self-defense instruction. *Cf. State v. Noriega,* 142 Ariz. 474, 690 P.2d 775 (1984) (En Banc) (doctrine of self-defense is not intended as license for a burglar to threaten force to escape from the scene of a crime with stolen property).

*Admission of Misdemeanor Guilty Plea*

Defendant argues that evidence of his misdemeanor plea to prove a fact essential to his conviction was improperly admitted. The state sought to introduce through testimony of a municipal court judge defendant's plea of guilty to the shoplifting charges, which arose from the same incident. The purpose of the evidence was to show identity. The jury was cautioned twice to consider the evidence only for that purpose.

■ Because we hold that admission of the misdemeanor plea in this case was harmless error, we need not pass on the propriety of its admission. For error by the trial court to be considered harmless, there must be (1) substantial evidence to support the conviction without reference to the improperly admitted evidence; (2) such a disproportionate volume of permissible evidence that, in comparison, the amount of improper evidence will appear so miniscule that it could not have contributed to the conviction; and (3) no substantial evidence to discredit the state's testimony. *State v. Moore,* 94 N.M. 503, 612 P.2d 1314 (1980).

■ In this case, both victims of the aggravated assault made positive in-court identifications of defendant as their assailant. The only other eyewitness to the incident also positively identified defendant. Defense counsel did not cross-examine any of the witnesses regarding these identifications and did not present any evidence denying defendant's identity. Moreover, the evidence that defendant committed the shoplifting was overwhelming. If it was error to admit evidence of defendant's mis-

demeanor plea, an issue we need not reach, that error was harmless.

*Impeachment of Victim*

■ Defendant argues that the trial court erred in refusing to allow him to impeach the victim through use of misdemeanor convictions for allowing himself to be served alcohol as a minor. The trial court's exclusion of these convictions is supported by *State v. Bobbin,* 103 N.M. 375, 707 P.2d 1185 (Ct.App.1985). Defendant seeks to have us reconsider this decision. We decline to do so, particularly on the record before us. Defendant made no offer of proof regarding the circumstances of the offenses. The trial judge ruled that allowing oneself to be served alcoholic beverages was not a crime involving such dishonesty or moral turpitude as to be appropriate for impeachment. In the absence of specific evidence of the conduct of the witness that led to the convictions, we cannot say that the trial judge abused his discretion in excluding impeachment based on the prior offenses.

*Conclusion*

Defendant's conviction on two counts of aggravated assault with a deadly weapon is affirmed.

IT IS SO ORDERED.

MINZNER and HARTZ, JJ., concur.