# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                              **NO. 28,938**

**OBED MARQUEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ross C. Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**CASTILLO, Judge.**

Defendant appeals his sentence, arguing that the sentence, which provided for no good time credit, was illegal.  In our notice, we proposed to affirm the sentence.

Defendant has timely responded. We have considered his arguments and not being persuaded, we affirm.

Defendant's docketing statement framed the issue as the sentence was a violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). We proposed to hold that a refusal to allow good time credit was not an increase in Defendant's sentence. [CN 2] Defendant's response to our calendar notice appears to concede that point, but argues that the sentence was illegal based on grounds different than those raised in the docketing statement. We believe that is a different issue requiring a motion to amend the docketing statement. *See State v. Lara*, 109 N.M. 294, 296-97, 784 P.2d 1037, 1039-40 (Ct. App. 1989) (reframing issue through motion to amend docketing statement); *State v. Anderson*, 107 N.M. 165, 169, 754 P.2d 542, 546 (Ct. App. 1988) (denying a motion to amend that sought to add issue relating to reasonable suspicion when probable cause had been first asserted). We require motions to amend the docketing statement as they require counsel to explain how the new issue was preserved and whether it is viable. *State v. Moore*, 109 N.M. 119, 128-29, 782 P.2d 91, 100-01 (Ct. App. 1989) (setting out discussion regarding procedures for motions to amend the docketing statement), *overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

While we recognize that a claim asserting that a sentence is illegal can be raised at any time, the rule regarding amendment of docketing statements must be complied with nevertheless. We urge counsel to be more careful about complying with the Rules of Appellate Procedure.

Even if we were to consider the arguments made in the memorandum in opposition, we point out that *State v. Wyman*, 2008-NMCA-113, 144 N.M. 701, 191 P.3d 559, *cert. granted*, 2008-NMCERT-008, 145 N.M. 255, 195 P.3d 1267, provides controlling authority to this Court regarding all the arguments presented by Defendant. Defendant argues that *Wyman* was incorrectly decided. However, we decline to reconsider that case.

For the reasons stated herein and in the notice of proposed disposition, we affirm the conviction.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**RODERICK T. KENNEDY, Judge**

3