# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **NO.   29,274**

**ROBERT H.,**

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Frank K. Wilson, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

The Rose Law Firm
Timothy L. Rose
Ruidoso, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Robert H. (Child) appeals his adjudication of delinquency after a non-jury hearing for committing public affray, arguing that the evidence was insufficient. This Court filed a calendar notice on April 21, 2009, proposing summary affirmance. Child filed a memorandum in opposition stating that he has no objection to the

calendar notice's description of the facts this Court proposed to rely on, but again contending that these facts do not amount to the offense of public affray. [DS 2] Having given due consideration to Child's memorandum, we affirm the district court's adjudication of delinquency.

In delinquency proceedings, "[t]he court shall make a finding of delinquency based on a valid admission of the allegations of the petition or on the basis of proof beyond a reasonable doubt." NMSA 1978, § 32A-2-16(E) (1993). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Sate v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. In reviewing the sufficiency of evidence used to support a conviction, we resolve all disputed facts in favor of the State, indulge all reasonable inferences in support of the verdict, and disregard all evidence and inferences to the contrary. *Id.* Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994) (internal quotation marks and citation omitted).

"Public affray consists of two or more persons voluntarily or by agreement engaging in any fight or using any blows or violence toward each other in an angry

or quarrelsome manner in any public place, to the disturbance of others." NMSA 1978, § 30-20-2 (1963).

Child argues that the evidence was insufficient to show that he "voluntarily or by agreement" engaged in a fight. Rather, he asserts that he acted in self-defense and that he was entitled to stand his ground. A claim of self-defense is available if, in the circumstances, the defendant "was put in fear by an apparent danger of immediate bodily harm, . . . his assault resulted from that fear, and [he] acted as a reasonable person would act under those circumstances." *State v. Lara*, 109 N.M. 294, 297, 784 P.2d 1037, 1040 (Ct. App. 1989); *see also* UJI 14-5181 NMRA. Where self-defense is claimed, "the State must disprove the defendant's self-defense claim beyond a reasonable doubt." *State v. Benally*, 2001-NMSC-033, ¶ 10, 131 N.M. 258, 34 P.3d 1134. New Mexico law recognizes a right to stand one's ground in the course of self-defense. *See, e.g., State v. Southworth*, 2002-NMCA-091, ¶ 19, 132 N.M. 615, 52 P.3d 987 (recognizing right to stand ground unless threatened with lawful force); *see also* UJI 14-5190 NMRA ("A person who is threatened with an attack need not retreat. In the exercise of his right of self defense, he may stand his ground and defend himself.").

The record proper, including the tape log, gives no indication that Child affirmatively asserted a claim of self-defense. The district court, however, considered

the possibility of self-defense, finding (as reported in the tape log) that "This fight [is] not a case in which [the] court is unable to say where self defense ends and voluntary participation begins. By the time this involved Officer Esquero it was a mutual combat situation and disturbance to others." [RP 44] Our review of the tape log reveals ample evidence to support the district court's finding. Officer Munoz testified that during the fight Child said, "Come on Mother F . . . ," which suggests that Child was taunting the other participant, not defending himself. [RP 34] Officer Esquero testified that after he put Child in a bear hug, Child "was still trying to get to" the other participant and "was going right back at [the other participant] and I had to hold him." [RP 36, 38] Esquero described the fight as "toe to toe" and testified that Child took no opportunity to get away. [RP 36] Child himself testified that the other participant "just start[ed] towards . . . me and swung at me and we started fighting." [RP 41]

Recognizing that the other participant might have started the fight, and recognizing Child's right to defend himself and stand his ground, we conclude that the evidence, particularly the evidence that Child tried to continue fighting even when an officer was restraining him, was sufficient to prove beyond a reasonable doubt that Child "voluntarily" engaged in the fight. The testimony regarding Child's swearing

at the other participant was sufficient to prove the "angry or quarrelsome manner" element of the offense of public affray.  § 30-20-2.

Accordingly, we affirm the district court's adjudication of delinquency.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Judge**

_____

**JAMES J. WECHSLER, Judge**