This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CHRISTOPHER MANDEVILLE,**

Petitioner-Appellant,

v.                                        **NO. 32,999**

**PRESBYTERIAN HEALTHCARE SERVICES,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Beatrice J. Brickhouse, District Judge**

Henry, Vogel & Ellis
James C. Ellis
Corrales, NM

for Appellant

Montgomery & Andrews PA
Randy S. Bartell
Seth C. McMillan
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**GARCIA, Judge.**

{1}     Christopher Mandeville (Plaintiff) has appealed from a judgment in the underlying civil proceedings. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Plaintiff has filed a memorandum in opposition, and Presbyterian Healthcare Services (Defendant) has filed a memorandum in support. After due consideration, we affirm.

{2}     Because the procedural history of this case was previously described and is essentially undisputed, we will not reiterate at length here. To summarize, in the course of a prior appeal this Court reversed on grounds that Plaintiff had improperly been permitted to amend his complaint at the eleventh hour to assert a punitive damages claim. On remand the district court vacated the punitive damages award. Plaintiff then filed the instant appeal. In his docketing statement Plaintiff argued that the district court had erred in failing to reopen the proceedings on the merits to permit the question of punitive damages to be tried in a manner which would allow Defendant to present a defense to that claim. [DS 5] However, as we previously observed in the notice of proposed summary disposition, in the course of the first appeal we explicitly declined to require the district court to take that course of action. Instead, we left it to the district court to decide how best to rectify the error by which Defendant had been unfairly surprised and prejudiced. Because the judgment

2

ultimately rendered is consistent with the discretion left to the district court on remand, as well as the legal principles upon which the mandate was based, we proposed to reject Plaintiff's assertion of error.

{3}     In his memorandum in opposition Plaintiff does not take issue with our analysis. Instead, Plaintiff now seeks to challenge the propriety of an earlier, pretrial ruling. [MIO 1-3] He asserts that the propriety of that ruling "has not been brought before this [C]ourt for review until the present appeal," and as such, the case should be assigned to the general calendar. [MIO 3] We construe this as a motion to amend the docketing statement. However, we find no indication that the issue Plaintiff seeks to raise was adequately preserved below. Moreover, at this juncture the only question properly before this Court is whether the proceedings on remand were properly conducted. *See Genuine Parts Co. v. Garcia*, 1978-NMSC-059, ¶ 9, 92 N.M. 57, 582 P.2d 1270 ("Upon review of a second appeal the only issue is whether the [district] court followed the appellate mandate."). As such, the issue is not viable. We therefore deny the constructive motion to amend. *See, e.g.*, *State v. Lara*, 1989-NMCA-098, ¶ 5, 109 N.M. 294, 784 P.2d 1037 (denying a motion to amend where the issue was both unpreserved and not viable).

{4}     Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{5}  **IT IS SO ORDERED.**


 

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Chief Judge**


_____
**LINDA M. VANZI, Judge**