This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

  Plaintiff-Appellee,

v.                                                                      **No. A-1-CA-36415**

**LUIS MEDRANO,**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Gary L. Clingman, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennet J. Baur, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Defendant Luis Medrano appeals from his convictions for possession of a controlled substance and resisting, evading, or obstructing an officer. This Court's calendar notice proposed summary affirmance. Defendant filed a memorandum in opposition to the proposed disposition. Not persuaded by Defendant's arguments, we affirm.

{2}     We proposed to conclude that the evidence of the bench warrant was legitimately relevant, and did not bear solely on character or propensity because it provided the context for why the officer asked Defendant to get out of the car. *See State v. Lara*, 1989-NMCA-098, ¶ 4, 109 N.M. 294, 784 P.2d 1037 ("[T]he specific purposes listed in Rule 11-404(B) [NMRA] are not the exclusive purposes for which other crime evidence is admissible."), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 4, 275 P.3d 110.

{3}     Defendant disagrees with the proposed disposition because he asserts that the testimony about the warrant served no legitimate purpose at trial and introduced evidence that Defendant had a propensity to commit crimes. [MIO 3-4] Defendant contends "[t]here was no legitimate reason for telling the jury that [Defendant] had a warrant, when the officer could have simply [testified that] he ordered [Defendant] to get out [of the car] in order to sign the citations." [Id. 4] Defendant submits that while the district court properly allowed the officer to give some explanation of his conduct,

the district court went too far by allowing testimony that Defendant had a warrant. [Id. 5] Defendant asserts that the relevant issue was whether he disobeyed the order of an officer in the lawful discharge of his duty. [Id. 7]  Thus, the officer needed only to testify that he asked Defendant to get out of the car in order to sign the citations and that Defendant disobeyed that order. [Id.]

{4}	The district court ruled that the existence of the bench warrant was probative of why the police officer requested Defendant to step out of the car. [DS 4] "Only when a ruling of the [district] court is clearly untenable, not justified by reason, or clearly against the logic and effect of the facts and circumstances of the case, will we hold that the [district] court abused its discretion in admitting or excluding evidence." *State v. Bailey*, 2015-NMCA-102, ¶ 11, 357 P.3d 423. Moreover, "we will defer to the [district] court's evidentiary rulings by recognizing the court's wide discretion" in this regard. *State v. Jordan*, 1993-NMCA-091, ¶ 19, 116 N.M. 76, 860 P.2d 206. Consequently, because the evidence does not only concern propensity or character, we cannot say the district court abused its discretion. *See State v. Ruiz*, 1995-NMCA-007, ¶ 12, 119 N.M. 515, 892 P.2d 962. The fact that competent evidence may tend to prejudice the defendant is not grounds for exclusion of that evidence. *See State v. Hogervorst*, 1977-NMCA-057, ¶ 46, 90 N.M. 580, 566 P.2d 828.  To the extent Defendant suggests that absent an admonishment not to rely on the

3

testimony for propensity, the jury likely did so, Defendant does not indicate that counsel requested such a curative instruction. *See State v. Casteneda*, 1982-NMCA-046, ¶ 12, 97 N.M. 670, 642 P.2d 1129 (finding no error where "there was no request that the jury be admonished to disregard the inquiry" objected to by the defendant).

{5}     Last, we are not persuaded by Defendant's argument that because there was evidence he may not have been the only person with access to the car and drugs found therein, and that police mishandled the evidence, the jury may have been misled as to Defendant's accessibility to the drugs and potentially found him guilty solely because of the bench warrant. [MIO 2] The assertion that the vehicle may have been accessible to someone other than Defendant, alone, does not negate possession and Defendant does not assert there was evidence in the record to support his claim of non-exclusivity. *Cf. State v. Lopez*, 2009-NMCA-127, ¶ 35, 147 N.M. 364, 223 P.3d 361 (indicating that the only evidence that the defendant was the registered owner of the vehicle and the only occupant, suggests exclusivity). Thus, we are not persuaded by Defendant's argument.

{6}     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

{7}     **IT IS SO ORDERED.**

4

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**JULIE J. VARGAS, Judge**

_____
**JENNIFER L. ATTREP, Judge**