This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38954

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**TOM MURRAY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa A. Hart, District Judge**

Hector H. Balderas
Santa Fe, NM

for Appellee

Patrick J. Martinez
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant appealed following the revocation of his probation. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** As an initial matter, we note that the memorandum in opposition suggests an issue that was not identified in the docketing statement, by which Defendant seeks to advance a due process challenge based on allegedly inadequate notice. [MIO 7-8] We find no indication that the issue was preserved. We therefore conclude that the issue is not viable, and we deny the de facto motion to amend on that basis. *See, e.g., State v.*

*Sosa*, 1997-NMSC-032, ¶ 23, 123 N.M. 564, 943 P.2d 1017 (holding that the reviewing court would not consider a due process claim because the defendant had not preserved the issue), *abrogated on other grounds by State v. Porter*, 2020-NMSC-020, ¶ 7, 476 P.3d 1201; *State v. Lara*, 1989-NMCA-098, ¶¶ 3, 5, 109 N.M. 294, 784 P.2d 1037 (explaining that motions to amend will be denied where issues are not viable, and illustrating where an appellant sought to advance an argument that had not been preserved), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.6, 275 P.3d 110.

**{3}**     In his docketing statement Defendant raised three issues, challenging the district court's denial of his oral motion for a competency evaluation, contending that he received an illegal sentence, and challenging the sufficiency of the evidence to establish a probation violation. [DS 5-9] We previously proposed to reject those assertions of error for the reasons set forth in the notice of proposed summary disposition. In his memorandum in opposition Defendant modifies his arguments. [MIO 1-8] We will confine our discussion accordingly.

**{4}**     With respect to the question of entitlement to a competency evaluation, Defendant now specifically contends that a recent rule change significantly altered the applicable standard, such that his attorney's stated concern should have been sufficient. [MIO 4-6] We disagree. Although counsel's good faith subjective belief is material, it is not determinative. The new rule makes clear that a party's motion for competency evaluation must be in writing, and must contain not only a statement that it is based on a good faith belief that the defendant may not be competent, but also "a description of the facts and observations about the defendant that have formed the basis for the motion." Rule 5-602.1(D)(1) NMRA. As described at greater length in the committee commentary, these requirements exist to permit the district court to determine whether the movant's good faith, subjective belief that the defendant may not be competent is objectively reasonable. If the movant fails to articulate specific facts that support the reasonableness of the subjective concern, the committee commentary makes clear that a motion for competency evaluation should be denied.

**{5}**     In this case, Defendant's request for a competency evaluation was patently deficient. No written motion was filed. Moreover, the oral request failed to supply a reasonable description of facts and observations sufficient to support the stated concern. Trial counsel merely indicated that Defendant was "confused." [MIO 5] And although appellate counsel now suggests that the "discrepancy" between Defendant's testimony and the testimony of his probation officer suggests lack of comprehension, [MIO 5] such conflicting accounts are commonplace. This does not support the objective reasonableness of counsel's expressed concern, sufficient to warrant a competency evaluation. Accordingly, we reject Defendant's first assertion of error.

**{6}**     Turning next to the legality of the sentence, Defendant has refocused his challenge upon the adequacy of the State's showing relative to prior convictions. [MIO 6] Specifically, he contends that the State's references to a 2008 conviction, as well as the offense for which his probation was revoked, [RP 25] render the habitual offender

enhancement unsupported. [DS 6] Once again, we are unpersuaded. In the plea agreement Defendant specifically admitted that apart from the aforementioned matters, he had four *additional* prior felony convictions between 2014 and 2017. [RP 6] These priors supply an adequate basis for the imposition of the habitual offender sentence enhancement. *See, e.g.*, *State v. Yazzie*, 2018-NMCA-001, ¶ 7, 410 P.3d 220 (illustrating that supplemental informations, plea agreements, and judgments and sentences may all supply indicia of prior felony convictions tending to support habitual offender sentence enhancements). We therefore reject the challenge.

**{7}** Finally, with respect to the sufficiency of the evidence, Defendant now argues that his participation in a technical violation program should have entitled him to lesser sanctions. [MIO 7-8] However, insofar as Defendant committed a new criminal offense by failing to register as a sex offender, [DS 3; RP 23] we are not dealing with a technical violation. *See generally* Rule 5-805(C) NMRA (providing that technical violations are limited to violations that do not involve new criminal charges); LR2-307(C)(8) (same). Accordingly, we conclude that the district court acted well within its discretion in electing to revoke his probation. *See generally* NMSA 1978, § 31-21-15(B)(2016) ("If [a probation] violation is established, the court may . . . revoke the probation and . . . require the probationer to serve the balance of the sentence imposed or any lesser sentence.").

**{8}** Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

**{9}** **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**SHAMMARA H. HENDERSON, Judge**