This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40104**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**ESTEVAN ROYBAL,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Abigail Aragon, District Court Judge**

Raúl Torrez, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Jasmine J. Solomon, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}**    Defendant Estevan Roybal appeals his convictions for negligent use of a deadly weapon, contrary to NMSA 1978, Section 30-7-4(A)(4) (1993), and aggravated assault with a deadly weapon, contrary to NMSA 1978, Section 30-3-2(A) (1963). Defendant argues that (1) the jury should have received instructions on self-defense and duress, (2) there was insufficient evidence presented at trial to support his convictions, and (3) the district court erred in failing to offer a curative instruction or grant a mistrial in

response to hearsay testimony introduced at trial. We conclude that the evidence presented was sufficient to warrant a self-defense instruction and reverse.

**BACKGROUND**

**{2}** Defendant's convictions arise from a confrontation with his then-girlfriend's father. Defendant's then-girlfriend, R.P., had sent messages to her parents, Raymond and Brenda P., which led them to believe R.P. and her children were in danger. Because of these messages, Raymond and Brenda drove to Defendant and R.P.'s home and parked their vehicle out of sight of the front door. When Raymond and Brenda arrived, Defendant was outside by the front door with R.P. and two of their children. Raymond retrieved a shotgun from the trunk of his vehicle and walked toward the front of the home. Upon seeing Defendant, Raymond pointed the shotgun at him and told him not to move or he would shoot. As Raymond pointed the gun at Defendant, Brenda took the two children to their vehicle. R.P. followed them. Raymond then backed away from Defendant and walked toward the vehicle, but continued to point his shotgun at Defendant.

**{3}** After Raymond was out of sight, Defendant went inside the home, retrieved his handgun, and loaded it. Defendant then looked through his kitchen window and saw Raymond, who was by the vehicle. Defendant fired his handgun in the direction of Raymond but hit the vehicle while Brenda, R.P., and two of Defendant's children were inside of it. Defendant fired a second shot, hitting the ground near Raymond's feet.

**{4}** There was conflicting testimony about whether Raymond had pointed the shotgun at Defendant before Defendant fired at Raymond. Defendant testified that Raymond pointed the shotgun at him again when the two saw each other through the kitchen window. Raymond testified that he thought the incident was over and had the shotgun pointed at the ground while he was opening the car door, but pointed the shotgun back at Defendant after Defendant fired the first shot.

**{5}** Raymond and Brenda called 911, and Defendant was later arrested and charged with two counts of child abuse, contrary to NMSA 1978, Section 30-6-1(D)(1) (2009), two counts of aggravated assault with a deadly weapon, contrary to Section 30-3-2(A), one count of shooting at a motor vehicle, contrary to NMSA 1978, Section 30-3-8(B) (1993), and one count of negligent use of a deadly weapon, contrary to Section 30-7-4(A)(4). The jury ultimately convicted Defendant of aggravated assault with a deadly weapon and negligent use of a deadly weapon, but acquitted Defendant of the other charges. Defendant appeals.

**DISCUSSION**

**{6}** Defendant argues that the jury should have been given instructions on duress and the use of deadly force in self-defense. *See* UJI 14-5130 NMRA (setting out the instruction for the defense of duress in non-homicide cases); UJI 14-5183 NMRA (setting out the instruction regarding use of deadly force in self-defense in non-homicide

cases). Because Defendant requested both instructions at trial, we review his claims for reversible error. *See State v. Ellis*, 2008-NMSC-032, ¶ 14, 144 N.M. 253, 186 P.3d 245.

**{7}** As to Defendant's claim of error regarding the duress instruction, we observe that Defendant requested this instruction as a defense to the two child abuse charges, and the jury ultimately acquitted Defendant on both counts of child abuse. Because Defendant cannot be retried on these counts, there is no need for this Court to review this claim for reversible error. *See State v. Melton*, 1984-NMCA-115, ¶ 14, 102 N.M. 120, 692 P.2d 45 (noting that claims of instructional error need not be addressed and no prejudice occurred when the claimed error related to a charge upon which the jury acquitted).

**{8}** Defendant also argues that the district court erred in declining his request for an instruction on self-defense. "A defendant is not entitled to a self-defense instruction unless it is justified by sufficient evidence on every element of self-defense." *State v. Rudolfo*, 2008-NMSC-036, ¶ 17, 144 N.M. 305, 187 P.3d 170. The requirements for self-defense are: (1) an appearance of immediate danger of death or great bodily harm to the defendant; (2) the defendant was in fact put in such fear and committed a particular act because of that fear; and (3) a reasonable person would have reacted in the same manner. *See State v. Guerra*, 2012-NMSC-014, ¶ 13, 278 P.3d 1031; *see also State v. Martinez*, 1981-NMSC-016, ¶ 4, 95 N.M. 421, 622 P.2d 1041; *State v. Lara*, 1989-NMCA-098, ¶ 7, 109 N.M. 294, 784 P.2d 1037; UJI 14-5183, *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.6, 275 P.3d 110. "The first two requirements, the appearance of immediate danger and actual fear, are subjective in that they focus on the perception of the defendant at the time of the incident. By contrast, the third requirement is objective in that it focuses on the hypothetical behavior of a reasonable person acting under the same circumstances as the defendant." *Rudolfo*, 2008-NMSC-036, ¶ 17 (internal quotation marks and citation omitted). We review the evidence in the light most favorable to the giving of the self-defense instruction. *See State v. Duarte*, 1996-NMCA-038, ¶ 5, 121 N.M. 553, 915 P.2d 309.

**{9}** Defendant maintains that his trial testimony provided sufficient evidence to support giving a self-defense instruction. The State does not dispute that the evidence was sufficient to support the two subjective elements of self-defense and focuses its argument on the third, objective element, contending that Defendant did not act as a reasonable person would act under the circumstances. The State maintains that the objective element was not satisfied because (1) the force used was unreasonable in relation to the threat in light of the fact that Raymond never fired on Defendant, (2) Defendant could have moved from the window to protect himself, and (3) Raymond was attempting to withdraw from the conflict.

**{10}** We reject the State's first two arguments because, viewing the evidence in the light most favorable to the giving of the requested instruction, there was enough evidence to raise a reasonable doubt in the mind of a juror about whether Defendant's actions constituted an objectively reasonable act of self-defense. Defendant testified that when Raymond approached him in the yard, Raymond told Defendant not to move

or he would shoot; when Defendant saw Raymond again from inside the house through the kitchen window just moments later, Raymond pointed the gun at him, and Defendant testified that he thought Raymond was going to shoot him. "The purpose of recognizing self-defense as a complete justification . . . is the reasonable belief in the necessity for the use of deadly force to repel an attack in order to save oneself or another from death or great bodily harm." *State v. Coffin*, 1999-NMSC-038, ¶ 12, 128 N.M. 192, 991 P.2d 477. The State has not attempted to explain how the force used by Defendant amounts to excessive force under the circumstances. And, as Defendant points out, because the self-defense standard seeks to evaluate whether the use of force was necessary to prevent a *threatened* injury, we cannot reject Defendant's claim under the circumstances presented solely because Raymond did not fire before Defendant shot at him.

**{11}** Likewise, the fact that Defendant was inside his home does not render his conduct objectively unreasonable. Unlike *State v. Baroz*, upon which the State relies, there is no argument that Defendant provoked the situation, and Defendant was clearly faced with the threat of a gun. *See* 2017-NMSC-030, ¶¶ 17-18, 404 P.3d 769 (holding that the objective element was not satisfied because the defendant voluntarily entered and provoked the situation and did not claim that he saw any weapons or knew that anyone at the residence carried guns). Defendant additionally notes that under New Mexico law, he had no duty to retreat. *See* UJI 14-5190 NMRA.

**{12}** Finally, as for the State's claim that Raymond was retreating at the time Defendant fired, the evidence was conflicting on this point and we cannot resolve the matter without invading the province of the jury to determine which witness's account is more credible.

**{13}** For these reasons, viewing the evidence in the light most favorable to the giving of the instruction as we must, we conclude there is "enough evidence to raise a reasonable doubt in the mind of a juror about whether the defendant lawfully acted in self-defense such that reasonable minds could differ," and therefore, the instruction should have been given. *Baroz*, 2017-NMSC-030, ¶ 15 (alterations, omission, internal quotation marks, and citation omitted); *Guerra*, 2012-NMSC-014, ¶ 14 ("For a court to issue a self-defense instruction, there need be only enough evidence to raise a reasonable doubt in the mind of a juror about whether the defendant lawfully acted in self-defense. If any reasonable minds could differ, the instruction should be given." (internal quotation marks and citation omitted)). We reverse Defendant's convictions and remand for a new trial. In light of our holding, it is not necessary to address the remaining issues raised by Defendant on appeal.

## CONCLUSION

**{14}** We reverse Defendant's convictions and remand for a new trial.

**{15}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MICHAEL D. BUSTAMANTE, Judge,**
**retired, sitting by designation**